**IN THE COURT OF COMMON PLEAS**
**SUMMIT COUNTY, OHIO**

| | | |
|---|---|---|
| **HAYDN ZEIS, Administrator of the Estate of Jordn Lukas Miller, Deceased,** | ) | **CASE NO: CV-2016-09-3791** |
| **Plaintiff,** | ) | **JUDGE THOMAS TEODOSIO** |
| **v.** | ) | **ANSWER OF DEFENDANTS, SPRINGFIELD TOWNSHIP, OHIO, CHIEF JOHN A. SMITH, ROBERT SCHERER, JOE HOLSOPPLE, AND DENISE MOORE** |
| **SPRINGFIELD TOWNSHIP, OHIO, et al.,** | ) | |
| **Defendants.** | ) | TRIAL BY JURY DEMANDED |
| | ) | |

Now come the defendants, Springfield Township, Ohio, Chief John A. Smith, Robert Scherer, Joe Holsopple, and Denise Moore ("Springfield defendants"), and for their answer to the plaintiff's complaint herewith aver:

**FIRST DEFENSE**

1. The plaintiff has failed to state a claim upon which relief can be granted.

**SECOND DEFENSE**

2. The Springfield defendants admit the plaintiff has initiated a civil rights action regarding an incident that occurred on September 8, 2015 in Springfield Township but further answering, deny the remaining allegations contained in paragraph 1 of the complaint.

3. The Springfield defendants admit plaintiff asserts claims under 42 U.S.C. § 1983 and Title 42, § 12201 of U.S.C., *et seq.* The Americans with Disabilities Act but further answering, deny the remaining allegations contained in paragraphs 2 and 3 of the plaintiff's complaint.

4. The Springfield defendants admit the Court has jurisdiction over the defendants but further answering, deny the remaining allegations contained in paragraph 5 of the plaintiff's complaint.

5. The Springfield defendants admit the plaintiff and decedent Jordn Miller were citizens of the United States of America but further answering, state that they are without information sufficient to form a belief as to the truth of the remaining allegations contained in paragraphs 7 and 8 of the plaintiff's complaint and strict proof thereof is demanded at the time of trial.

6. The Springfield defendants admit Robert Scherer was a police officer employed by Springfield Township, Ohio, and was involved in services as a police officer at the time of the incident alleged in the complaint but further answering, deny the remaining allegations contained in paragraph 9 of the complaint.

7. The Springfield defendants admit Joe Holsopple was employed as a police officer by Springfield Township, Ohio, who was involved in those activities at the time of the incident alleged in the complaint but further answering, deny the remaining allegations contained in paragraph 10 of the complaint.

8. The Springfield defendants admit Sgt. Denise Moore was a police officer employed by Springfield Township and was engaged in the those activities at the time of the incident alleged in the complaint but further answering, deny the remaining allegations contained in paragraph 11 of the complaint.

9. The Springfield defendants admit John Smith was a police officer employed by Springfield Township and was acting in that capacity at the time of the incident referred in the complaint but further answering, deny the remaining allegations contained in paragraph 13 of the complaint.

10. The Springfield defendants admit the decedent Jordn Miller died on or about September 10, 2015 but further answering, deny the remaining allegations contained in paragraph 14 of the complaint.

11. The Springfield defendants that the incident involving decedent Jordn Miller occurred on September 8, 2015 and calls were made to dispatch but further answering, deny the remaining allegations contained in paragraph 19 of the complaint.

12. The Springfield defendants admit 911 calls made to dispatch provided information, but deny the remaining allegations contained in paragraphs 20, 21, and 22 of the plaintiff's complaint.

13. The Springfield defendants admit Officers Scherer and Holsopple responded based upon calls presented to dispatch but further answering, deny the remaining allegations contained in paragraph 24 of the plaintiff's complaint.

14. The Springfield defendants admit upon arrival at the scene in which Jordn Miller was present, the officers made certain observations, but deny the remaining allegations contained in paragraphs 25 and 26 of the plaintiff's complaint.

15. The Springfield defendants admit they received information from dispatch regarding the 911 calls but further answering, deny the remaining allegations contained in paragraph 27 of the plaintiff's complaint.

16. The Springfield defendants admit Officers Scherer and Holsopple were required to remove Jordn Miller from the vehicle he was apparently attempting to steal but further answering, deny the remaining allegations contained in paragraph 28 of the complaint.

17. The Springfield defendants admit Sgt. Moore arrived on the scene in which decedent Jordn Miller was resisting the efforts of the officers to control the situation but further answering, deny the remaining allegations contained in paragraph 30 of the plaintiff's complaint.

18. The Springfield defendants admit decedent Jordn Miller needed to be restrained at some point, and reasonable and good faith efforts were made by the officers to control Miller under the circumstances, but deny the remaining allegations contained in paragraph 31 of the complaint.

19. The Springfield defendants admit an ambulance was called while the confrontation was ongoing with Jordn Miller but further answering, deny the remaining allegations contained in paragraph 32 of the plaintiff's complaint.

20. The Springfield defendants admit an internal investigation was conducted involving the officers and that the investigation cleared the officers of any violation of police policy but further answering, deny the remaining allegations contained in paragraph 33 of the complaint.

21. The Springfield defendants admit the allegations contained in paragraphs 6 and 12 of the plaintiff's complaint.

22. The Springfield defendants state they are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraphs 15, 16, 17, and 18 of the plaintiff's complaint and strict proof thereof is demanded at the time of trial.

23. The Springfield defendants deny the allegations contained in paragraphs 4, 23, 29, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, and 86 of the plaintiff's complaint.

24. The Springfield defendants deny every allegation in the complaint not admitted to be true.

**THIRD DEFENSE**

25. The individual defendants are entitled to qualified immunity, thus barring all claims in the complaint.

**FOURTH DEFENSE**

26. To the extent applicable, the allegations in the complaint are barred under principles of sovereign immunity pursuant to O.R.C. § 2744.01 *et seq.*

**FIFTH DEFENSE**

27. The damages of which the plaintiff complains were caused, in whole or in part, by the negligence, conduct, misconduct, unlawful conduct, resisting arrest, assumption of risk, and intentional ingestion of elicit and dangerous drugs by the plaintiff's decedent, Jordn Miller, thus barring all claims in the complaint.

**SIXTH DEFENSE**

28. At all times material, the officers responded in good faith and their conduct was objectively reasonable under the circumstances, thus barring all claims in the complaint.

**SEVENTH DEFENSE**

29. No policy, practice, or custom was implemented by the Springfield defendants which violated any of the plaintiff's decedent's constitutional or state law rights, thus barring all claims in the complaint.

**EIGHTH DEFENSE**

30. The plaintiff has failed to join necessary parties pursuant to Ohio Civil Rule 19 and 19.1.

**NINTH DEFENSE**

31. The Springfield defendants are entitled to a deduction and set off against any damages, if any, sustained by the plaintiff in this case, as provided under Ohio law, pursuant to O.R.C. § 2744.01 *et seq.*, and other applicable sections of the Revised Code, for any benefits received by plaintiff from any policy or policies of insurance or other sources.

WHEREFORE, having fully answered, defendants Springfield Township, Ohio, Chief John A. Smith, Robert Scherer, Joe Holsopple, and Denise Moore, demand that the plaintiff's complaint be dismissed with costs assessed against the plaintiff.

*s/Gregory A. Beck*
Gregory A. Beck (0018260)
BAKER, DUBLIKAR, BECK,
WILEY & MATHEWS
400 South Main Street
North Canton, Ohio 44720
Telephone: (330) 499-6000
Facsimile: (330) 499-6423
E-Mail: beck@bakerfirm.com
Counsel for Defendants, Springfield
Township and James McKnight

**JURY DEMAND**

A trial by jury is demanded herein on all issues presented to the Court.

*s/Gregory A. Beck*
Gregory A. Beck (0018260)
BAKER, DUBLIKAR, BECK,
WILEY & MATHEWS

**PROOF OF SERVICE**

I hereby certify that on September 14, 2016, I electronically filed the foregoing with the Clerk of the Court using the E-Filing system which will send notification of such filing to:

Michael A. Hill
Counsel for Plaintiff

*s/Gregory A. Beck*
Gregory A. Beck - #0018260
BAKER, DUBLIKAR, BECK,
WILEY & MATHEWS