EXHIBIT

12

# In The Matter Of:

*Haydn Zeis, Administrator of the Estate of Jordn Miller v. Sprinfield Township, Ohio, et al.*

*Officer Joseph Holsopple*
*Vol. 2*
*March 17, 2017*

*Layne & Associates*
*6723 Cooperstone Drive*
*Dublin, Ohio 43017*
*(614) 309-1669*
*WhitneyLayne@att.net*



Original File 031717-Holsopple.txt
**Min-U-Script® with Word Index**

```
                                                                    1

          IN THE UNITED STATES DISTRICT COURT
                 NORTHERN DISTRICT OF OHIO
                      EASTERN DIVISION

                          - - -

     HAYDN ZEIS,                  :
     ADMINISTRATOR OF THE         :
     ESTATE OF JORDN MILLER,      :
                                  :
         PLAINTIFF,                :
                                  :
         vs.                      : CASE NO. 5:16-CV-02331-JRA
                                  :
     SPRINGFIELD TWP., OHIO,      :
     ET AL.,                      :
                                  :
         DEFENDANTS.              :

                          - - -

         CONTINUED DEPOSITION OF JOSEPH HOLSOPPLE

                        VOLUME 2

                          - - -

                Friday, March 17, 2017

                     at 10:12 a.m.

                          - - -

  Taken at:   Springfield Township Police Department
              2465 Canfield Road
              Akron, Ohio  44312

                          - - -



  REPORTED BY:  CAROL A. KIRK, RPR/RMR/CSR
```

**Layne & Associates**
**(614) 309-1669**

2

1         CONTINUED DEPOSITION OF JOSEPH HOLSOPPLE

2                        APPEARANCES

3                          - - -

4    On behalf of the Plaintiffs:

5         MICHAEL A. HILL, ESQUIRE
          EADIE HILL TRIAL LAWYERS
6         3100 East 45th Street, Suite 218
          Cleveland, Ohio  44127
7         216-777-8856
          michael.hill@eadiehill.com
8

9    On behalf of the Defendants:

10        MEL L. LUTE, JR., ESQUIRE
          BAKER DUBLIKAR BECK WILEY & MATHEWS
11        400 South Main Street
          North Canton, Ohio  44720
12        330-499-6000
          lute@bakerfirm.com
13

14

15                         - - -

16

17

18

19

20

21

22

23

24

3

1          Friday Morning Session
           March 17, 2017
2          10:12 a.m.

3                    - - -

4                 STIPULATIONS

5          It is stipulated by and between counsel for

6   the respective parties that the deposition of JOSEPH

7   HOLSOPPLE, a Defendant herein, called by the Plaintiff

8   under the applicable Federal Rules of Civil Procedure,

9   may be taken at this time in stenotype by the Notary,

10  pursuant to notice; that said deposition may thereafter

11  be transcribed by the Notary out of the presence of the

12  witness; that proof of the official character and

13  qualification of the Notary is waived; that the witness

14  may sign the transcript of his deposition before a

15  Notary other than the Notary taking his deposition; said

16  deposition to have the same force and effect as though

17  signed before the Notary taking it.

18                   - - -

19

20

21

22

23

24

1    A.    Since the incident or ever?

2    Q.    Since the incident?

3    A.    Not that I remember.

4    Q.    How about with Amanda?  It just sounds like
5  maybe somebody -- you might have, but you don't really
6  remember?

7    A.    Correct.

8    Q.    How about with any of Jordn's other family
9  members?

10   A.    I don't even know of any other of Jordn's
11 family members.  I mean, Miller is a pretty common name,
12 so ...

13   Q.    Once Jordn was handcuffed behind his back, you
14 never attempted to transition him to a position out of
15 the prone position, did you?

16   A.    Once we realized he was suffering, we did.
17 During the time he was cuffed like that, he was still
18 actively resisting, so no.

19   Q.    So when you say "suffering" -- so let me just
20 make sure we're clear.  ==Between the time period where==
21 ==Jordn was first in prone position and until the period==
22 ==that you noticed that he was unresponsive, during that==
23 ==entire period between those two points, there was no==
24 ==attempt to transition him out of a prone position, fair?==

```
 1              MR. LUTE:   Objection.
 2              Go ahead.
 3       A.     Yes.
 4       Q.     Once Sergeant Moore arrived, Jordn was already
 5  handcuffed behind his back, true?
 6       A.     I believe so, yes.  I'm not positive.  I don't
 7  know exactly when she got there.
 8       Q.     As you sit here, is that your recollection?
 9       A.     Yes.
10       Q.     When we were talking earlier, you told me that
11  when you were interacting with Jordn Miller, you did not
12  believe this to be an excited delirium case, true?
13       A.     Yes.
14       Q.     Meaning you did not believe Jordn had excited
15  delirium?
16       A.     No.
17       Q.     You agree?
18       A.     Yes, I agree.  But like I told you before, at
19  the beginning when the call went out, I thought it could
20  be, but then when the call notes changed and he put his
21  clothes back on and now he's running around the
22  neighborhood, I didn't think he was.
23       Q.     We were looking at your statement, Exhibit 12.
24       A.     Yes.
```

```
 1              When you rolled him over, who was it who
 2   realized the debris in his mouth?
 3        A.    I saw that.
 4        Q.    And that was gravel?
 5        A.    Yeah.  It looked like -- I don't know for
 6   sure.  It looked like he got a mouthful of gravel.  But
 7   there was a point where right when he went limp, his
 8   face went straight down in the gravel like (indicating).
 9   And then that's when he was limping, and we were like --
10   and Bubba started doing the rub and "Hey, are you all
11   right?"
12              And when we rolled him over, that's -- I did
13   see -- there wasn't a lot of gravel.  It was just a
14   little bit of debris.  There might have been a rock or
15   two in his mouth.  It was more the dirt that I remember
16   seeing.
17        Q.    It was the driveway?
18        A.    Right.
19        Q.    It was enough, though, that you commented on
20   it?
21        A.    Yes.
22        Q.    Where you were located -- I mean, you're kind
23   of on Jordn's one side, and Officer Scherer's on another
24   side, and Sergeant Moore is standing -- is she standing
```

88

1  Q.  Did you clear the debris from Jordn's mouth?
2  A.  No.
3  Q.  Officer Scherer remembers Jordn's eyes being
4  rolled back in his head at that time.  Do you remember
5  that?
6  A.  No.
7  Q.  Do you remember anything about Jordn's face
8  other than the driveway in his mouth?
9  A.  No.
10  Q.  Did he make any noises at all after he became
11  unresponsive in prone restraint?
12  A.  I don't recall.
13  Q.  After you rolled him over, you never remember
14  him -- he didn't open his eyes or anything like that?
15  A.  I don't remember.
16  Q.  Did you stay by his head that entire time?
17  A.  Yeah.  Yes.
18  Q.  Did you say anything to anyone at that point?
19  A.  Not that I recall.  I mean, I might have said,
20  "He's still breathing" or "I can see his chest" -- I
21  mean, we were all evaluating him, but I don't remember
22  what I said exactly.
23  Q.  All I want to know is what you said.
24  A.  I don't remember anything that I said

104

```
 1                      CERTIFICATE

 2     STATE OF OHIO       :
                                     SS:
 3     COUNTY OF FRANKLIN  :

 4              I, Carol A. Kirk, a Registered Merit Reporter
       and Notary Public in and for the State of Ohio, duly
 5     commissioned and qualified, do hereby certify that the
       within-named JOSEPH HOLSOPPLE was by me first duly sworn
 6     to testify to the truth, the whole truth, and nothing
       but the truth in the cause aforesaid; that the
 7     deposition then given by him was by me reduced to
       stenotype in the presence of said witness; that the
 8     foregoing is a true and correct transcript of the
       deposition so given by him; that the deposition was
 9     taken at the time and place in the caption specified and
       was completed without adjournment; and that I am in no
10     way related to or employed by any attorney or party
       hereto or financially interested in the action; and I am
11     not, nor is the court reporting firm with which I am
       affiliated, under a contract as defined in Civil Rule
12     28(D).

13              IN WITNESS WHEREOF, I have hereunto set my
       hand and affixed my seal of office at Columbus, Ohio on
14     this 30th day of March 2017.

15

16
                                 Carol A. Kirk
17

18                         _____
                           CAROL A. KIRK, RMR
19                         NOTARY PUBLIC - STATE OF OHIO

20     My Commission Expires:  April 8, 2017.

21                              - - -

22

23

24
```